PRICE, Judge.
William Earl Tingle brought this suit against Business Men’s Assurance Company of America for penalties and attorney fees for the alleged failure of defendant to pay timely two claims filed by plaintiff under a hospital insurance policy. Defendant paid the full amount of the claims prior to suit being filed, but beyond the thirty-day period provided in the penalty statute for health and accident policies, La.R.S. 22:657.
The claims were made for hospital costs incurred in treatment of plaintiff’s wife on February 12 through 14, 1976, and from March 21 through 29, 1976.
The trial court awarded penalties equal to the claim of $436.92 for the first confinement and attorney fees of $750. Plaintiff’s demand for penalties and attorney fees on the second confinement was rejected.
Plaintiff has appealed asking for an increase in the amount of penalties and attorney fees. Defendant answered the appeal requesting the reversal of the judgment awarding any penalty or attorney fees. We find no error and' affirm.
The issues presented are: 1) Whether defendant has shown it was in good faith in failing to pay the claims within the thirty-day period prescribed by the statute; 2) Whether attorney fees may be awarded where payment of the claim was made prior to filing of suit even though it was not within the thirty-day period.
The proof of claim form furnished to plaintiff in connection with the first confinement of February 12 through February 14 was received by defendant on March 23, 1976. Proof of the second confinement of March 21 through March 29 was received by defendant on April 2, 1976. Payment of both claims was mailed by defendant on May 28, 1976. Defendant contends it was in good faith in not paying the claims within the statutory period of thirty days for two principal reasons. First, the policy of insurance was issued as a group policy to persons employed only in the dairy industry and in plaintiff’s proof of loss he is shown to be employed as a “mud logger” (an oil industry employee). Therefore, defendant contends it was necessary to determine if he was properly covered under the policy issued to him. Secondly, as the policy was within the contestable period, it was necessary to obtain further medical information to determine whether the illness causing plaintiff’s wife’s second confinement might have preexisted the issuance of the policy.
We find no merit to defendant’s first contention. There is no provision in the policy issued to plaintiff which would give defendant the right to refuse payment if plaintiff were not in fact a dairyman. Defendant’s sole right in such an instance would be to refuse to renew the policy at the end of the one-year term. In any event, defendant made no investigation in regard to plaintiff’s employment other than to ask plaintiff’s lawyer who advised that plaintiff was employed part time in dairying.
The trial judge found defendant was in good faith in failing to pay the claim for the March 21 hospitalization of Mrs. Tingle within thirty days after receipt of the initial proof of loss as defendant was justified in requiring further medical records to determine if the illness for which she was being treated did not originate prior to the issuance of the policy. Plaintiff contends this finding is in error, and prays for penalties and attorney fees to be awarded on this claim.
The evidence shows defendant did not receive complete information in regard to the second hospital confinement until May 21. We do not find that the delay in obtaining the complete medical records was due to any fault on defendant’s part. Payment of this claim was made within five days of receipt of this information. Therefore, the trial court was correct in denying penalties and attorney fees on this claim.
*1083 The defendant contends judgment should not have been awarded for any attorney fees as the statute only intends such an award to assist an insured in collecting a claim under the policy and not in an attempt to recover penalties where payment was made prior to the filing of suit. As authority for this position defendant relies on Colvin v. Louisiana, Hospital Service, Inc., 321 So.2d 416 (La.App. 2d Cir. 1975). We do not interpret Colvin as holding that in every instance where payment is made of the primary claim prior to suit being filed that attorney fees may not be imposed against the insurer. In Colvin the court found under the circumstances it was not necessary to file suit for the substantial portion of the claim, and therefore, denied an award of attorney fees in that instance.
The statute provides that the failure to comply with its provisions entitles an insured to the specified penalties, “together with attorney’s, fees to be determined by the court.”
The intent of the statute is to allow an insured to recover attorney fees when it is necessary to employ an attorney to obtain accrued penalties as well as policy proceeds. We therefore find no error in the trial court’s awarding of attorney fees under the circumstances and’ no abuse of discretion in determining the amount for this purpose.
The judgment is affirmed at appellant’s cost.